IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-002901-CMA-MJW

LOWRY ASSUMPTION, LLC,

    Plaintiff,

v.

AMERICAN INTERNATIONAL SPECIALITY LINES INSURANCE COMPANY,

    Defendant.

---

**ORDER REGARDING
DEFENDANT CHARTIS SPECIALTY'S MOTION TO COMPEL JOINDER OF THE
AIR FORCE (DOCKET NO. 45)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

    This matter is before the court on Defendant Chartis Speciality's Motion to Compel Joinder of the Air Force (docket no. 45). The court has reviewed the subject motion (docket no. 45) and the response (docket no. 50) thereto. In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

    The court finds:

        1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

        2.    That venue is proper in the state and District of Colorado;

2

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Fed. R. Civ. P. 19(a) states:

  (a) **Persons Required to be Joined if Feasible**

    (1) **Required Party**. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

      (A) in that person's absence, the court cannot accord complete relief among existing parties; or

      (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

        (i) as a practical matter impair or impede the person's ability to protect the interest; or

        (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

3

5. That in the subject motion (docket no. 45), Defendant American International Specialty Lines Insurance Company "AIG" [n/k/a Chartis Speciality Insurance Company] bears the burden of demonstrating that the Air Force is a required party to this action under Fed. R. Civ. P. 19.  Davis v. United States, 192 F.3d 951, 958 (10th Cir. 1999);

6. That the Air Force believes that the subject contract is milestone-based and that it is not expecting a return of any funds upon the successful completion of the Lowry project.  Furthermore, the Air Force does not expect that it would receive any funds upon the completion of the project and that Plaintiff ("LAC")  was to be paid on a milestone basis.  See Exhibit 1, Declaration of Robert M. Moore at paragraphs 4 and 6 attached to Plaintiff's Response (docket no. 50).  In addition, the Air Force does not have a direct stake in distribution of the insurance proceeds to LAC;

7. That the Air Force is not a named insured under the Policy, nor is it an additional insured (that status is reserved by the "United States Government");

8. That complete relief can be obtained among existing parties without the Air Force being added as a party, and the existing parties will not be subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest; and

4

9. That it would not be prejudicial to Plaintiff LAC if the Air Force is not added as a party to this lawsuit.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant Chartis Speciality's Motion to Compel Joinder of the Air Force (docket no. 45) is **DENIED**; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 8th day of November 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE